IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| NATASHA BROWN, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:23-CV-138 (CDL) |
| BROCK & SCOTT PLLC, | * | |
| Defendant. | * | |

O R D E R

Presently pending before the Court is Defendant's motion to dismiss Plaintiff's complaint. As discussed below, the Court finds that the issues raised by the motion to dismiss would best be decided at summary judgment, so that motion (ECF No. 8) is converted to one for summary judgment. For the sake of clarity on the docket, the present motion is terminated, and Defendant shall file an amended summary judgment motion that complies with the Court's local rules on summary judgment motions.

DISCUSSION

Plaintiff alleges the following facts, which the Court must accept as true for purposes of the present motion. Plaintiff received two letters from Defendant attempting to collect a debt from her. Plaintiff responded with two cease-and-desist letters, stating "I refuse to pay the debt." Compl. ¶ 7, ECF No. 1. About two months after Plaintiff sent the cease-and-desist letters, she

received two more letters from Defendant, which stated that Defendant was validating the debt "[p]ursuant to [Plaintiff's] request." Plaintiff asserts that the "Debt Validation" letters violate the Fair Debt Collection Practices Act. Under the Act, if a consumer "notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," except for certain notices permitted by the Act that Plaintiff does not allege were issued here. 15 U.S.C. § 1692c(c).

Defendant argues that the Court should consider facts outside the pleadings and conclude that it did not violate the Fair Debt Collection Practices Act by sending the two letters after Plaintiff sent the cease-and-desist letters. Defendant points out that the Court can consider "documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity. *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018). But some of the documents attached to Defendant's motion to dismiss are not referred to in the complaint or of undisputed authenticity, so the Court cannot consider them without converting Defendant's motion to one for summary judgment. Accordingly, the Court converts Defendant's motion to one for summary judgment. Within twenty-

2

one days of today's order, Defendant shall amend its motion by filing a motion for summary judgment that includes a statement of undisputed facts pursuant to the Court's rules regarding summary judgment, along with any other supplemental matters for the record and a supplemental brief.  Plaintiff will then have twenty-eight days from the date of service of the supplemental summary judgment materials to file a response. The pending motion to dismiss (ECF No. 8) shall be terminated as moot.

    IT IS SO ORDERED, this 18th day of January, 2024.

                                          s/Clay D. Land
                                          CLAY D. LAND
                                          U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA