```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

NATASHA BROWN,                    *
       Plaintiff,                 *
vs.                               *
                                        CASE NO. 4:23-CV-138 (CDL)
BROCK & SCOTT, PLLC,              *
       Defendant.                 *
```

O R D E R

Presently pending before the Court is Defendant's summary judgment motion (ECF No. 15). As discussed below, the Court grants the motion.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if

the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

In accordance with the Court's local rules, Defendant submitted a statement of undisputed material facts with its summary judgment motion. *See* M.D. Ga. R. 56 (requiring a statement of material facts that is supported by the record). Plaintiff, who is proceeding *pro se* and was sent a notice regarding the significance of Defendant's summary judgment motion, did not respond to the statement of material facts or to the summary judgment motion . Notice to Pro Se Party of Mot. for Summ. J. 1 (Feb. 8, 2024), ECF No. 16. Defendant's statement of facts is thus deemed admitted pursuant to Local Rule 56, and the Court reviewed Defendant's citations to the record to determine whether a genuine fact dispute exists. See M.D. Ga. R. 56 ("All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate.").

## FACTUAL BACKGROUND

On March 2, 2023, Defendant mailed Plaintiff two letters stating that Defendant was trying to collect two debts Plaintiff owed to Navy Federal Credit Union, one for an account ending in 9461 and the other for an account ending in 6983. Both letters stated that Plaintiff could dispute the debt by writing to

2

Defendant by April 11, 2023, and they stated that if Plaintiff wrote to dispute the debt then Defendant "must stop collection on any amount [Plaintiff disputed] until [Defendant] send[s] [Plaintiff] information that shows [Plaintiff] owe[s] the debt." Moore Decl. Ex. A, Letter from Def. to Pl. (Mar. 2, 2023), ECF No. 15-3 at 9.

On April 10, 2023, Defendant received two letters from Plaintiff referencing the Navy Federal Credit Union accounts. Both letters state, "I ran out of money. I refuse to pay the debt." More Decl. Ex. B, Letter from Pl. to Def. (Apr. 1, 2023), ECF No. 15-3 at 13, 15). The next day, April 11, 2023, Defendant received a letter from Plaintiff claiming that Account 9461 had been paid. Defendant construed that letter as disputing the amount owed on Account 9461. On June 13, 2023, Defendant responded to the dispute letter with a validation letter, which enclosed materials validating the debt for Account 9461. On June 20, 2023, Defendant received another letter from Plaintiff, which referenced both Account 6983 and 9461 and stated, "I am disputing the alleged debt owed to Navy Federal. I need validation of the debt." Moore Decl. Ex. E, Letter from Pl. to Def. (June 14, 2023), ECF No. 15-3 at 78. On June 22, Defendant responded with a validation letter, which enclosed materials validating the debt for Account 6983.

3

DISCUSSION

Plaintiff asserts that the two debt validation letters violate the Fair Debt Collection Practices Act. Under the Act, if a consumer "notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." 15 U.S.C. § 1692c(c). But a debt collector is allowed to communicate with a consumer following a cease-and-desist letter if the communication is to notify the consumer that the debt collector "may invoke specified remedies which are ordinarily invoked by such debt collector." 15 U.S.C. § 1692c(c)(2). And, if a consumer notifies the debt collector that the debt is disputed, then the debt collector must cease collection, but only until the debt collector obtains verification of the debt and mails a copy of the verification to the consumer. 15 U.S.C. § 1692g(b).

Since verification is statutorily required to resume debt collection activities—including the invocation of remedies to collect the debt—the Court finds that the two verification letters Defendant sent to Plaintiff do not violate the Act. Moreover, even if providing verification did arguably violate § 1692c(c), Plaintiff's explicit requests for verification of the debts after her cease letter amounts to a waiver of her protection under

4

§ 1692c(c).  If a debtor inquires about a debt after sending a cease letter, it would be nonsensical to interpret § 1692c(c) to prevent a debt collector from responding to that inquiry.  For all these reasons, the Court finds that the evidence, even when viewed in the light most favorable to Plaintiff, does not establish that Defendant violated the Fair Debt Collection Practices Act when it sent the verification letters.  Accordingly, Defendant's summary judgment motion (ECF No. 15) is granted.

    IT IS SO ORDERED, this 16th day of April, 2024.

                                                s/Clay D. Land
                                                CLAY D. LAND
                                                U.S. DISTRICT COURT JUDGE
                                                MIDDLE DISTRICT OF GEORGIA